Dear Mr. Ware,
The Attorney General is in receipt of your request for an opinion wherein you ask, in effect, the following question:
Does House Bill No. 1384 authorize the Board of Trustees of theTeachers' Retirement System to rescind at the request of a member anotherwise legally binding election as between benefit options enteredinto in a Contract for Service Retirement which was executed by themember and approved by the Trustees prior to the effective date of HouseBill No. 1384?
Your question states that a member of the Teachers' Retirement System (System) filed his Contract for Service Retirement on November 14, 1978 and it was approved by the Board of Trustees (Trustees). It is this member's request that he be eligible to contribute to the system now and until he reaches age seventy (70), if he is still employed during that time. This question can only be answered in light of House Bill No. 1384 which became effective July 1, 1979.
Prior to the passage of House Bill No. 1384 by the First Regular Session of the Thirty-seventh Legislature, the controlling provisions of the law with respect to the System provided:
 "A member may select the option under which he desires to retire at the end of the school year in which he attains age sixty-five (65) and said option shall be binding and cannot be changed. Provided further that if a member retires before age sixty-five (65), no election of an option shall be effective in case an annuitant dies before the first payment due under such option has been received. 70 O.S. 17-105(8)(b) (1978)." Emphasis added
The provisions of 70 O.S. 17-105(8)(b) (1978) were amended by 2 of House Bill No. 1384 to extend the period of time upon which contributions were to be made on the salary of active system members to the age of seventy (70). This was the only amendment to 70 O.S. 17-105(8)(b) (1978).
Under the law prior to the passage of House Bill No. 1384, upon attaining the age of sixty-five (65) the member selected his option, no longer contributed to the system and the member's rights, with respect to benefits from the system, became vested and fixed as of that time. Passage of House Bill No. 1384 in no way affected those individuals who's rights had vested before July 1, 1979 because they had reached age sixty-five (65). This bill only affected those persons who had not reached age sixty-five (65) by July 1, 1979. For those affected, House Bill No. 1384 extended to age seventy (70) the point in time at which the termination of the necessity of contribution would occur and the time at which the individual would select his option.
Since the rights of fully paid members of the system vested upon the approval of the option selected under the existing plan at a point in time before House Bill No. 1384 was enacted, those contracts and binding elections as to options entered into prior to the effective date of House Bill No. 1384 were not affected by its passage. Therefore, a Contract for Service Retirement which was executed by a member of the system and approved by the trustees prior to the effective date of House Bill No. 1384 may not be rescinded.
It is, therefore, the official opinion of the Attorney General, thatthe Board of Trustees of the Teachers' Retirement System is without legalauthority under 70 O.S. 17-105(8)(b) (1971), as amended and as furtheramended by House Bill No. 1384 of the First Regular Session of theThirty-Seventh Legislature to declare void a Contract for ServiceRetirement which was filed by a member of the system and approved by theTrustees of the system prior to the effective date of House Bill No.1384, such effective date being July 1, 1979.
JAN ERIC CARTWRIGHT, ATTORNEY GENERAL OF OKLAHOMA
JOHN F. PERCIVAL, ASSISTANT ATTORNEY GENERAL